**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 17 2012, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SEAN P. HILGENDORF**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TODD A. GRAY, JR., | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 71A05-1106-CR-308 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable John M. Marnocha, Judge
Cause No. 71D02-1011-FB-159

**February 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Todd A. Gray, Jr., appeals his conviction for attempted robbery, as a Class B felony, following a jury trial. Gray raises a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

## FACTS AND PROCEDURAL HISTORY[1]

On November 19, 2010, Keenan Anderson[2] told several people that he was going to "hit me a lick today," which meant that he was going to rob someone. Transcript at 329-30. Later that day, Gray drove Anderson and another of Anderson's friends, Lee Lewis, in Gray's green minivan to the Anchor Inn, a restaurant in South Bend. There, Gray parked the van in a corner of the parking lot. The three men waited for about twenty minutes for someone to exit so that Lewis could "get some money." Id. at 343.

Jerry Burrow then exited the restaurant. As he began to get into his car, he heard someone behind him ask for a cigarette. He turned around and saw Anderson and Lewis, one of whom was pointing a gun at his face. Burrow said, "Get that BB gun out of my face" and deflected the firearm away. Id. at 155. Burrow then realized that the gun "was not a BB gun." Id. at 170. Either Anderson or Lewis then tried to hit Burrow in the head with the gun, but Burrow deflected the attack. Anderson and Lewis then retreated to Gray's van, and Burrow ran back inside the restaurant and called the police.

Shortly thereafter, South Bend Police Department Officer Neil Graber identified Gray's van as the one described by Burrow in his call. Officer Graber initiated a traffic

---

[1] Gray's statement of facts in his appellate brief is not consistent with our standard of review. See Ind. Appellate Rule 46(A)(6)(b). As such, we do not consider it.

[2] Anderson's first name is alternatively spelled "Kennan" and "Keenan" in the record. Transcript at 150, 327.

stop. Officer Graber arrested Gray, Anderson, and Lewis. He then backtracked into an alley where he had seen the van exit to "see if we could locate anything that they might have been able to toss while they were out of my vision." Id. at 209. There, Officer Graber found "a semi-auto black handgun that was also the same description of what was described" by Burrow. Id. at 210.

On November 20, the State charged Gray with attempted robbery, as a Class B felony. After a trial in May of 2011, a jury found Gray guilty as charged. This appeal ensued.

## DISCUSSION AND DECISION

Gray contends that the State failed to present sufficient evidence to support his conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the verdict and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside.

To prove attempted robbery, as a Class B felony, the State was required to show beyond a reasonable doubt that Gray, or his accomplice, took a substantial step toward the knowing or intentional taking of property from another person by using or threatening to use force on that person. Ind. Code §§ 35-41-2-4 (accomplice liability); 35-41-5-1(a)

3

(attempt); 35-42-5-1 (robbery). The offense is a Class B felony if committed while armed with a deadly weapon. I.C. § 35-42-5-1.

On appeal, Gray first argues that the State failed to prove that Anderson or Lewis had the requisite intent to rob Burrow. Gray's argument on this issue wholly ignores the State's evidence that Anderson had stated to several people earlier on the day in question that he intended to rob someone later that day. As such, Gray's argument here must fail.

Gray next asserts that the State failed to show that a firearm, rather than a BB gun, was used in the commission of the offense. Again, Gray ignores the evidence. Burrow testified that he recognized the firearm as a gun, not a BB gun, and Officer Graber testified that he found a firearm matching Burrow's description in an alley where he had witnessed Gray exit in his van. Thus, the State presented sufficient evidence that the crime was committed with a deadly weapon.

Last, Gray contends that he did not knowingly aid his confederates in the commission of the attempted crime. Gray ignores the fact that he, Anderson, and Lewis lay in wait at the Anchor Inn parking lot for twenty minutes until someone exited so that Lewis could "get some money." Transcript at 343. Gray likewise ignores the State's evidence that Officer Graber observed Gray drive the get-away vehicle out of the alley in which the firearm was found. Gray's arguments on appeal amount to a request for this court either to ignore or discredit the evidence most favorable to the State, which we will not do. The State presented sufficient evidence to support Gray's conviction.

Affirmed.

ROBB, C.J., and VAIDIK, J., concur.